## Danville Stove & Mfg. Co., Appellant, v. Foster et al.

Argued February 1, 1932. Before FRAZER, C. J., SIMPSON, KEPHART, SCHAFFER, MAXEY and DREW, JJ.

*Jay Williams Sechler*, with him *J. Manley Robbins* and *H. Montgomery Smith*, for appellant.

*E. J. Mullen*, with him *A. W. Duy*, for appellees.

PER CURIAM, March 14, 1932:

Plaintiff sued in assumpsit to recover from defendants on a book account, the sum of $7,471, with interest. A verdict was rendered in favor of defendants, subsequently plaintiff's motion for judgment non obstante veredicto was overruled and judgment entered on the verdict. The book account upon which plaintiff's action is based covers the period between December 1, 1921, and April 9, 1929, and sets forth items for stoves, furnaces, hardware, and other similar products claimed to have been furnished defendants from time to time during the period named, aggregating the sum of $96,239.53, the credits shown amounting to $88,768.53, leaving the balance sued for. Defendants denied indebtedness and claimed a balance in their favor of $3,341.17 on account

of over payments. The testimony is voluminous, plaintiff having called eighteen witnesses for direct examination, of whom fifteen were recalled and six of these were again on the witness stand in rebuttal, while defendants produced three witnesses. The record presents 578 pages of printed testimony, including exhibits. Our examination of the evidence convinces us a considerable portion of it might have been omitted without prejudice to the claim of either party. The controlling controversy between the parties is whether or not merchandise to the extent set forth in plaintiff's statement of claim was delivered, and whether payments were made as indicated by the parties respectively. We have examined the testimony together with the comprehensive charge of the trial judge and the opinion of the court in passing upon the various questions raised by the exceptions, and have not been convinced of reversible error. The controlling questions were questions of fact and were fairly submitted to the jury in a charge covering every pertinent feature of the case. Plaintiff abandoned its motion for a new trial and relied upon its motion for judgment non obstante veredicto. To have sustained this latter motion and entered judgment in favor of plaintiff for the full amount of its claim, as the court was asked to do, would have been clear error, the case being manifestly for the jury on the questions of fact disclosed by the diverse testimony of the various witnesses and the inferences to be drawn from it. All questions involved having been properly submitted to the jury, and there being testimony, if believed, to support the conclusion reached, the judgment must be affirmed.

Judgment affirmed.